**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MELANIE L. JAMES, | ) | NO. ED CV 07-1655-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on December 24, 2007, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on February 4, 2008. Plaintiff filed a motion for summary judgment on

June 27, 2008.  Defendant filed a cross-motion for summary judgment on July 29, 2008.  The Court has taken both motions under submission without oral argument.  See L.R. 7-15; "Order," filed December 28, 2007.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability since December 2, 2003, based primarily on alleged back pain (Administrative Record ("A.R.") 98-400).  Dr. Jack Akmakjian, a treating orthopedist specializing in back problems, opined on July 29, 2004 that Plaintiff's back impairments incapacitated Plaintiff beginning December 5, 2003 and continuing (Dr. Akmakjian predicted) until January, 2005 (A.R. 164-65).  The California Health and Human Services Agency form on which Dr. Akmakjian rendered this opinion defines "incapacity" as "a physical or mental disability [that] prevents or substantially reduces the patient's ability to engage in full-time work, training, or provide necessary care for his/her child(ren)" (A.R. 165).  On July 2, 2004, Dr. Laqui, Plaintiff's primary care treating physician, opined on a similar form that Plaintiff's back pain incapacitated her from December 5, 2003 through (Dr. Laqui predicted) October 1, 2004 (A.R. 285).

After a September 12, 2006 hearing, an Administrative Law Judge ("ALJ") issued a decision dated November 17, 2006 (A.R. 47-53, 317-73).  This decision found Plaintiff suffers from severe "degenerative disc disease of the lumbar spine" and "scoliosis of the lumbar spine," but retains the residual functional capacity to perform sedentary work

(A.R. 47-53).  The ALJ's decision failed to discuss Dr. Akmakjian's opinion.  <u>Id.</u>[1]

On March 6, 2007, the Appeals Council vacated the ALJ's first decision and remanded the case for further proceedings (A.R. 40-41). Referring to Dr. Akmakjian's opinion, the Appeals Council stated: "[T]he record includes medical opinion dated July 29, 2004, from an orthopedic physician at the Orthopedic Medical Group that the claimant is incapacitated from work (Exhibit 2F/4).  The hearing decision does not indicate what weight, if any, was given to this opinion" (A.R. 40).

The ALJ held another hearing on July 17, 2007 (A.R. 374-400). At the end of this hearing, Plaintiff's counsel referenced "a couple of statements in the records from treating physicians that have said that, that she's not able to work because of her back condition" (A.R. 399).

In a decision dated August 21, 2007, the ALJ found that Plaintiff's severe back impairments ("degenerative disc disease/ degenerative arthritis") do not prevent her from performing light work (A.R. 12-20).  This time, the ALJ mentioned the two opinions, but erroneously attributed both opinions to one physician, Dr. Laqui (A.R. 18-19; "Defendant's [S]ummary Judgment Motion," filed July 29, 2008, at 3 n.1).  The ALJ gave the opinions "little weight," stating that

---

[1] As of the time of the ALJ's first decision, Plaintiff had not yet submitted Dr. Laqui's opinion, so neither was that opinion discussed in the ALJ's first decision did not discuss Dr. Laqui's opinion either.

3

the opinions were on another agency's form, used criteria different from the criteria applicable to the social security disability analysis, conflicted with other medical evidence, predicted an end to Plaintiff's alleged incapacity, were "conclusory," and were "not accompanied or supported by any objective evidence" (A.R. 18-19). This time, the Appeals Council denied review (A.R. 4-6).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards.  See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

A treating physician's conclusions "must be given substantial weight."  Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion . . . This is especially true when the opinion is that of a treating physician") (citation omitted).  Even where the treating physician's opinions are contradicted,[2] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings

---

[2] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

1  setting forth specific, legitimate reasons for doing so that are based
2  on substantial evidence in the record." Winans v. Bowen, 853 F.2d
3  643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted);
4  see Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the
5  treating physician's opinion, but only by setting forth specific,
6  legitimate reasons for doing so, and this decision must itself be
7  based on substantial evidence") (citation and quotations omitted);
8  McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and
9  vague" reasons for rejecting the treating physician's opinions do not
10 suffice).

12      Section 404.1512(e) of 20 C.F.R. provides that the
13 Administration "will seek additional evidence or clarification from
14 your medical source when the report from your medical source contains
15 a conflict or ambiguity that must be resolved, the report does not
16 contain all of the necessary information, or does not appear to be
17 based on medically acceptable clinical and laboratory diagnostic
18 techniques." See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)
19 ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's
20 opinions in order to evaluate them, he had a duty to conduct an
21 appropriate inquiry, for example, by subpoenaing the physicians or
22 submitting further questions to them.  He could also have continued
23 the hearing to augment the record") (citations omitted); see also
24 Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("the ALJ has a
25 special duty to fully and fairly develop the record and to assure that
26 the claimant's interests are considered").
27 ///
28 ///

1    The ALJ erred in evaluating the opinions of the treating
2 physicians.  First, the ALJ erroneously believed that only one
3 treating physician (a non-specialist), rather than two treating
4 physicians (including an orthopedic specialist), believed Plaintiff to
5 be incapacitated.  Materially "inaccurate characterization of the
6 evidence" warrants remand.  See Regennitter v. Commissioner, 166 F.3d
7 1294, 1297 (9th Cir. 1999); Lesko v. Shalala, 1995 WL 263995 *7
8 (E.D.N.Y. Jan. 5, 1995).
9
10    Second, the ALJ failed to state "specific, legitimate" reasons
11 for rejecting the treating physicians' opinions without first
12 attempting to recontact the treating physicians regarding the meaning
13 and bases for the opinions.  Under the definition of "incapacity" on
14 the forms, the treating physicians' opinions might mean they believed
15 Plaintiff's back problems prevented full-time work, or that the
16 problems only substantially reduced Plaintiff's ability to perform
17 full-time work or care for children.  Rather than assuming that the
18 doctors' opinions had no application to the social security disability
19 analysis, the ALJ should have developed the record further by seeking
20 to clarify the intendment of the doctors' opinions.
21
22    The mere fact that the opinions may conflict with other medical
23 evidence in the record is an insufficient reason for rejecting the
24 opinions.  The Administration must state specific, legitimate reasons
25 for rejecting the opinions of treating physicians, even when the
26 opinions conflict with other medical evidence.  See, e.g., Lester v.
27 Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).
28 ///

1     The fact that both treating physicians foresaw an eventual end
2 to Plaintiff's incapacity did not justify the rejection of the
3 opinions.  Dr. Akmakjian's opined that Plaintiff would be
4 incapacitated longer than twelve months.  The need to recontact both
5 physicians may enable the ALJ to obtain the physicians' opinions
6 regarding whether their 2004 predictions of what would happen in 2005
7 proved accurate or inaccurate.

9     Absent further inquiry, findings that the treating physicians'
10 opinions were "conclusory" and "not accompanied or supported by any
11 objective evidence" do not suffice to justify the rejection of the
12 opinions.  "[T]he ALJ need not accept an opinion of a physician – if
13 it is conclusionary and brief and is unsupported by clinical
14 findings."  Matney v. Sullivan, 981 F.2d 1016, 1019-20 (9th Cir.
15 1992); accord, Burkhart v. Bowen, 856 F.2d 1335, 1339-40 (9th Cir.
16 1988); Young v. Heckler, 803 F.2d 963, 967-68 (9th Cir. 1986).
17 However, authorities such as Smolen v. Chater, 80 F.3d 1273, 1288 (9th
18 Cir. 1996) and section 404.1512(e) of 20 C.F.R. suggest that, under
19 the circumstances of the present case, further inquiry of the treating
20 physicians should precede a final determination of whether the
21 treating physicians' opinions are not adequately explained or
22 supported.

24     When a court reverses an administrative determination, "the
25 proper course, except in rare circumstances, is to remand to the
26 agency for additional investigation or explanation."  INS v. Ventura,
27 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is
28 proper where, as here, additional administrative proceedings could

7

remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not compel a reversal rather than a remand of the present case. In Harman, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman at 1178 (citations and quotations omitted). Assuming, arguendo, the Harman holding survives the Supreme Court's decision in INS v. Ventura, 537 U.S. 12, 16 (2002),[3] the Harman holding does not direct reversal of the present case. Outstanding issues still must be resolved before a determination of disability can be made. Further, it is not clear from the record that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability were the opinions of the treating physicians credited.

///
///
///

---

[3] The Ninth Circuit has continued to apply Harman, despite INS v. Ventura. See Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  August 13, 2008.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that a reversal for the immediate payment of benefits would not be appropriate at this time.

9